# IN THE COURT OF APPEALS OF IOWA

No. 24-1303
Filed September 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH KURT NELSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.

        A defendant appeals the sentences imposed on his convictions for possession of controlled substances. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Kenneth Nelson pled guilty to two charges of possession of marijuana, third or subsequent offense.[1]  He was arrested on the first charge in November 2023 and on the second charge a month later.  While he was awaiting sentencing on both charges, the district court released Nelson from custody under the supervision of the judicial district department of correctional services.  But Nelson failed to sign up for pretrial release, so a warrant was issued for his arrest.  He was arrested six months later, and a new date was set for his sentencing.

At the consolidated sentencing hearing, the State recommended prison, citing Nelson's "criminal history, . . . the fact that he has been to prison, [and] his age."  Defense counsel requested suspended sentences and probation based on the recommendation from the presentence investigation report.  In his statement to the court, Nelson maintained that he had not "gotten in any trouble in fifteen years"[2] and that he "suffer[ed] from diabetes and it's really bad."  Both parties asked the court to run the sentences concurrently and suspend any fines.

In reaching its sentencing decision, the district court stated:

> Mr. Nelson, at the time of sentencing I'm required to impose a sentence that I feel is appropriate to meet your needs for rehabilitation and also to do what's necessary to protect the community from further offenses by you or by others.  There's a number of things that factor into that: your age, prior criminal history, employment, family and personal circumstances that I've been made aware of, the nature of the offense, the contents of the presentence investigation report, their recommendation and the recommendations of the parties, and anything else that I've learned about you throughout the proceeding.

---

[1] The State charged one offense as an aggravated misdemeanor, *see* Iowa Code § 124.401(5)(b) (2024), and the other as a class "D" felony, *see id.* § 124.401(5)(a).
[2] The court pointed out that this was not accurate, since Nelson had a controlled substance conviction from 2023.

> Mr. Nelson, you know, these two charges here are your seventh and eighth drug-related convictions. There is a pattern here that's very concerning that has not been addressed in any setting through any sentence that's been previously imposed for you. You seem to be under the impression that just, you know, your health is going to keep you from using drugs. If that were the case, you wouldn't have a thirty-five-year criminal history, you would have come to that realization a long time ago. There does not seem to be sufficient resources in the community to be able to address your issues. You were previously granted pretrial release in this case and you didn't report for that, which makes you a tremendous risk for probation supervision.

The court then sentenced Nelson to concurrent terms of imprisonment and imposed the minimum fines on each conviction.

Nelson appeals,[3] claiming the district court "abused its discretion by imposing sentences of incarceration and fines, rather than suspending those sentences." He argues that the court improperly "relied on a fact which is unsupported and contradicted by the record" and failed to "provide any reason for imposing, rather than suspending, fines."

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits," as was the case here, "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Damme*, 944 N.W.2d at 105–06 (citation omitted). "Our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up).

---

[3] Because Nelson is challenging discretionary sentences imposed after his guilty pleas, he has established "good cause" to appeal under Iowa Code section 814.6(1)(a)(3) (2024). *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

For his challenge to the prison sentences, Nelson argues that the "district court's assertion there were insufficient community resources available for [him] to succeed on probation is unsupported by the record." We disagree. The presentence investigation report details Nelson's previous attempts at substance-use treatment, along with his acknowledgement that treatment was not helpful for him. Nelson also told the presentence investigator that he did "not have any interest in participating" in the drug court program, even though the State had agreed to join in Nelson's request for probation if he was accepted into that program. And, as the court noted, Nelson immediately violated the conditions of his pretrial release, making him "a tremendous risk for probation supervision." With this evidence in the record, Nelson failed to "affirmatively show that the sentencing court relied on improper evidence," as required to overcome the presumption in favor of his sentences. *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

As for Nelson's challenge to the fines, he argues the court "should have articulated its reasons for imposing fines, just as it must explain its reasons for imposing any other discretionary aspect of the sentence." Past cases from this court have rejected this argument. *See State v. Smith*, No. 21-0400, 2022 WL 244498, at *4 (Iowa Ct. App. Jan. 27, 2022) (concluding the sentencing court is not required to give separate reasons for imposing or suspending a fine); *State v. Palmer*, No. 22-0767, 2022 WL 16985432, at *1 (Iowa Ct. App. Nov. 17, 2022) (same); *State v. Hollingsworth*, No. 22-0933, 2023 WL 386707, at *1 (Iowa Ct. App. Jan. 25, 2023) (same). We see no reason to depart from these cases.

For these reasons, we affirm the sentences imposed by the district court.

**AFFIRMED.**